DOWD, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| United States of America, | CASE NO. 5:06 CR 162 |
| Plaintiff, | |
| v. | <u>MEMORANDUM OPINION ANALYZING THE SENTENCING FACTORS SET FORTH IN 18 U.S.C. SECTION 3553(a)</u> |
| Portia Dennis, | |
| Defendant. | |

### I. Introduction

The Court conducted the sentencing hearing of the defendant Portia Dennis. The Court determined that the defendant's total offense level was 21 with a criminal history category of III calling for a sentencing range under the advisory sentencing guidelines of 46 to 57 months. Counsel for the defendant moved for a downward variation from the sentencing range of 46 to 57 months. The found the motion to be well taken and granted the same. At the conclusion of the sentencing hearing, the Court sentenced the defendant to confinement for a period of 27 months with supervised release for a period of two years.

### II. The Analysis Required by 18 U.S.C. § 3553(a)

The Court sets forth its analysis of the sentencing factors required by *Booker* and the statutory guidance provided by 18 U.S.C. §3553(a) as follows:

**(a) Factors to be considered in imposing a sentence.**

(5:06 CR 162)

The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider -

### (1) The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant

> Before the Court stands a 48 year old female who has been convicted of Money Laundering. Her conviction stems from her wiring $900 from Canton, Ohio to Pasadena, California which basically involved proceeds from drug transactions.

The defendant has three prior felony convictions for Aggravated Trafficking in Drugs, Complicity to Aggravated Trafficking in Drugs and Possession of Cocaine, yet she has never been sentenced to prison. She is in poor health due to obesity which has resulted in problems to her right leg.[1] She reports only using drugs on an experimental basis; however, her prior record reveals at least some connection to drugs. She is presently unemployed. She has family ties to Canton, Ohio. He brother is a codefendant in this case.

The defendant has never married but she has given birth of four children by three different fathers. The children were born in 1979, 1985, 1988 and 1989.

Her physical condition is more accurately described in paragraph 42 which states:

> The defendant is a 5'8" tall, 324 pound African American female. She states that she is under the care of Drs. Tabb and Glazer. She has been prescribed Celebrex for her knees and Lexapro for situational depression. The offender also reports seeing the doctor for diabetes and right knee problems. At the time of this report,

---

[1]The presentence reports describes the height of the defendant 5' 8" and her weight as 324 pounds thereby supporting the proposition that she is obese and has medical problems apparently directly related to her obesity.

2

(5:06 CR 162)

>she was using crutches due to a fall.  On July 28, 2006, the
>defendant underwent an MRI.  According to the results of the
>MRI, the defendant has marked abnormal thickening of the patellar
>tendon.  The quadriceps tendon appears to be thin just above the
>patella with the doctor suspecting an incomplete tear.  While the
>MRI was limited due to the defendant's large body, there is a
>suggestion of significant injury to the extensor mechanism.  The
>doctor suspected there may be a partial thickness tear of the distal
>quadriceps tendon as well as a partial intrasubstance tear of the
>patellar tendon. On August 10, 2006, Ms. Dennis underwent
>surgery to repair her right quadriceps tendon.  She denies ever
>being seriously ill or injured.  The doctor has also ordered up to
>three months physical therapy following her surgery.

The defendant's acceptance of responsibility is set forth in paragraph 14 of the presentence report as follows:

>*"In the summer of 2005, my brother Walter Dennis approached me
>and asked if he could store drugs at my house.  This was the first
>time I had seen him in a year.  I let him store drugs in both my car
>and underneath my kitchen sink.  At other times, I would take
>money to the wife of a drug dealer who had been arrested.  Also, I
>would wire money to an unknown person in California.  This
>money always came from my brother.  I knew what I was doing
>was wrong, but I think I did it to get closer to my brother, since we
>never had a close relationship.  I am truly sorry for what I have
>done."* [sic]

**(2)  The Need for the Sentence Imposed**

**(A) to reflect the seriousness of the offense, to promote respect
for the law, and to provide just punishment for the offense;**

The defendant's conduct in this multi-defendant case involving a substantial interstate cocaine trafficking case is limited to a conviction for money laundering.  Although the defendant has a criminal record of some magnitude, the seriousness of her offense in this case is minimal compared to the other defendants.  The Court is of the view that a sentence below the advisory guideline range is appropriate in this case, especially in light of the defendant's serious medical

3

(5:06 CR 162)

problems as above outlined. Consequently, the Court is of the view that a sentence of 27 months as opposed to a minimal sentence of 46 months is sufficient to reflect the seriousness of the offense, promote respect for the law and provide just punishment for the offense.

**(B) to afford adequate deterrence to criminal conduct;**

Under the circumstances of this case as outlined above, the Court is of the view that a sentence of 27 months affords adequate deterrence to criminal conduct of the type engaged in by the defendant.

**(C) to protect the public from further crimes of the defendant;**

The defendant has spent a very limited amount of time in a custodial situation as reflected in paragraphs 28 through 33 of the presentence report describing the defendant's criminal history. The Court is of the view that a sentence of 27 months will protect the public from further criminal conduct of the defendant.

**(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;**

The Court is of the view that the defendant is in serious need of medical care given the state of her obesity and believes that a sentence of 27 months will provide the Bureau of Prisons with the opportunity to assist the defendant in combating her obesity and also provide medical care.

<u>III. Consideration of the need to avoid unwarranted sentencing disparities among defendants who have been found guilty of similar conduct as required by 18 U.S.C. § 3553(a)(6)</u>

The indictment in this case names the following defendants:

4

(5:06 CR 162)

1. Ronald Dede
2. Craig Dawson
3. Oswaldo Sanchez
4. Hakim Malek Ali
5. Letricia Epps
6. Ronald Lucas
7. Rodney Petties
8. Charles Petties
9. Walter Dennis, Jr.
10. David Mayberry
11. Portia Dennis

At this point, in the sentencing process the Court has sentenced the following defendants to the following terms of imprisonment after finding, with respect to each defendant, the offense level and the criminal history:

1. Craig Dawson - Offense level 34 with a criminal history category of I calling for a sentencing range of 151 months to 188 months with an imposed sentence of 151 months imprisonment with five years supervised release.

2. Letricia Epps - Offense level 31 with a criminal history category of III calling for a sentencing range of 135 to 168 months with an imposed sentence of 135 months imprisonment with five years supervised release.

3. Ronald Petties - Offense level 31 with a criminal history category of I calling for a sentencing range of 120 to 135 months with an imposed sentence of 124 months imprisonment with five years supervised release.

4. Charles Petties - Offense level 23 with a criminal history category of II calling for a sentencing range of 51 to 63 months with an imposed sentence of 63 months imprisonment with four years supervised release.

5. David Mayberry - Offense level 26 with a criminal history category of I calling for a sentencing range of 63 to 78 months with an imposed sentence of 70 months imprisonment with four years supervised release.

6. Ronald Lucas - Offense level 27 with a criminal history category of I calling for a sentencing range of 70 to 87 months with an imposed sentence of 84 months imprisonment with five years supervised release.

(5:06 CR 162)

7. Hakim Malik Ali - Offense level 29 with a criminal history category of II calling for a sentencing range of 97 to 121 months with an imposed sentence of 97 months imprisonment with five years supervised release.

The following defendants have not been sentenced:

1. Ronald Dede

2. Oswaldo Sanchez (Fugitive)

3. Walter Dennis

### III. Conclusion

For the reasons set forth herein, a sentence of 27 months with supervised release for two years under the circumstances set forth in this opinion, even though less than the minimum number of months under the advisory guideline range, is a sentence sufficient, but not greater than necessary to comply with the purposes of 18 U.S.C. § 3553(a)(2).

IT IS SO ORDERED.

| | |
|---|---|
| December 5, 2006 | */s/ David D. Dowd, Jr.* |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |